IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| INTENDIS GMBH, INTRASERV GMBH & CO. KG and BAYER HEALTHCARE PHARMACEUTICALS INC., <br><br> Plaintiffs, <br><br> v. <br><br> GLENMARK GENERICS LIMITED and GLENMARK GENERICS INC., USA, <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 13-421-SLR ) ) ) ) ) ) ) |

**[PROPOSED] ORDER**

At Wilmington this ____ day of _____, 2013, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 on or before **June 6, 2013**.

2. **Discovery.**

   a) The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise.

   b) Discovery will be needed on the following subjects: infringement and invalidity of U.S. Patent No. 6,534,070.

   c) All fact discovery shall be commenced in time to be completed by **March 21, 2014**.

1) Maximum of twenty-five (25) interrogatories by each side to the other side.

2) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

3) Maximum of twenty-five (25) requests for admission by each side to the other side, but this limitation does not apply to any request for admission made pursuant to Rule 36(a)(1)(B) relating to the genuineness of any described documents. Such Rule 36(a)(1)(B) requests shall be served on or before **November 7, 2014**.

4) Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before **December 20, 2013**. In the absence of agreement among the parties or by order of the court, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") shall govern.

5) Maximum of ten (10) fact depositions by plaintiff(s) and ten (10) by defendant(s). Each fact deposition is limited to a maximum of seven (7) hours unless extended by agreement of parties.

6) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

      7) Defendants will provide Plaintiffs with copies of any submissions to or correspondence with (to or from) the United States Food and Drug Administration ("FDA") concerning ANDA No. 204637. Defendants will provide such copies within fourteen (14) days of mailing by Defendants to FDA or within fourteen (14) days of receipt by Defendants from FDA, as applicable.

    d) Expert discovery shall be commenced in time to be completed by **August 1, 2014**.

      1) Expert reports on issues for which the parties have the burden of proof due **April 25, 2014**. Rebuttal expert reports due **May 30, 2014**. Supplemental reports (for, e.g., on secondary considerations of obviousness) due **June 27, 2014**.

      2) Expert depositions to be limited to a maximum of seven hours unless extended by agreement of the parties.

      3) All *Daubert* motions shall be filed on or before **November 14, 2014**.

    e) Supplementations under Rule 26(e) due **August 8, 2014**.

    f) **Discovery Disputes.**

      1) The court shall conduct an in-person discovery status conference on **November 14, 2013**, from 4:30 to 5:30 p.m., the time to be allotted equally among the parties. **No motions to compel or for protective order shall be filed absent prior approval of the court.**

      2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition.

    g) **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

   3. **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before **January 24, 2014**.

   4. **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[1] for the purposes of exploring ADR.  Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement.

   5. **Claim Construction Issue Identification.**  If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms thirty (30) days before the end of fact discovery.  This document will

---

[1] The court may also refer ADR to a Special Master.

not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

      6. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

      The parties shall agree upon and file the Joint Claim Construction Statement on **September 19, 2014**, with the claim chart separately docketed. Plaintiff shall serve and file its opening brief on claim construction on or before **October 3, 2014**. Defendant shall serve and file its answering claim construction brief on or before **October 17, 2014**. Plaintiff shall serve and file its reply brief on or before **October 24, 2014**. Defendant shall serve and file its surreply brief on or before **October 31, 2014**.

      7. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

      a)    Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

      b)    No telephone calls shall be made to chambers.

      c)    Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement

describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said emails.

        8.     **Motions in Limine.**  No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

        9.     **Pretrial Conference and *Markman* Hearing.**  A pretrial conference and *Markman* hearing will be held on **January 21, 2015** at 3:30 p.m. in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del LR 16.4 shall govern the pretrial conference.

        10.     **Trial.**  This matter is scheduled for a five (5) day bench trial commencing on **February 5, 2015,** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

 

                                              UNITED STATES DISTRICT JUDGE