IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTENDIS GMBH, INTRASERV GMBH & CO. KG and BAYER HEALTHCARE PHARMACEUTICALS, INC., <br><br>   Plaintiffs, <br> v. <br><br> GLENMARK GENERICS LIMITED and GLENMARK PHARMACEUTICALS INC., USA, <br><br>   Defendants. | C.A. No. 13-421-SLR |

**CLERK'S TAXATION OF COSTS**

Pursuant to the Judgment Order and the Amended Judgment Order (D.I. 145 and 150, respectively), issued by the Honorable Sue L. Robinson on July 27 2015, and August 14, 2014, respectively, and the Mandate (D.I. 153) of the United States Court of Appeals for the Federal Circuit affirming the District Court ruling, plaintiffs, Intendis GMBH, Intraserv GMBH & Co. KG, and Bayer HealthCare Pharmaceuticals, Inc. ("plaintiffs"), are the prevailing party in this matter.

District of Delaware Local Rule (LR) 54.1 (as amended effective April 30, 2010) provides that the Clerk may tax costs in favor of the prevailing party. Plaintiffs' bill of costs and declaration of Bradford J. Badke (D.I. 157 and 158, respectively) were filed on July 20, 2016. Plaintiffs request the Clerk tax costs against defendants, Glenmark Generics Limited and Glenmark Pharmaceuticals, Inc. USA, ("defendants") in the amount of $45,069.34[1]. On August 1, 2016, defendants filed their objections (D.I. 159) to the bill of costs. Plaintiffs submitted its response (D.I. 160) to defendants' objections to the bill of costs on August 11, 2016.

The Clerk finds the bill of costs to be timely.

Therefore,

**IT IS ORDERED, that**

---

[1] Plaintiffs originally sought costs in the total amount of $52,660.34 but revised the amount to $45,069.34.

1

**I.**     The entire bill of costs is **GRANTED IN PART AND DENIED IN PART.**

**II.**    As to **every request** the Clerk makes the following findings:

1) As to each request plaintiffs must show compliance with Local Rule 54.1(a)(2), which states: "The bill of costs *shall clearly describe each item of cost* and comply with the provisions of 28 U.S.C. § 1924." (emphasis added). Plaintiffs must "clearly describe " each item in a manner that permits the Clerk to determine the reasonableness and necessity of each request.

**III.**   The Clerk makes **additional findings,** regarding specific items, as follows:

**A) Fees of the Clerk**

1) Title 28 U.S.C. § 1920 states in pertinent part, "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal".

2) Plaintiffs originally sought reimbursement of $550.00 in filing fees but withdrew their claim of $200.00 in *pro hac vice* fees. Plaintiffs request $350.00 in fees for the filing of the complaint. Defendants have not objected to this cost.

3) Accordingly, the request for fees of the Clerk in the amount of $350.00 is **GRANTED.**

**B) Fees Pre-Trial, Trial, and Post-Trial Transcripts**

1) LR 54.1(b)(2) provides: "The costs of the originals of a trial transcript, a daily transcript and of a transcript of matters prior or subsequent to trial, furnished to the Court, **are taxable when requested by the Court or prepared pursuant to stipulation** (emphasis added). Mere acceptance by the Court does not constitute a request. Copies of transcripts for counsel's own use are not taxable."

2) Plaintiffs seek reimbursement of $8,403.66 in fees for "...transcripts of significant pre-trial proceedings and for the trial itself." Plaintiffs also state "Transcription of these proceedings was necessary to respond to and abide by the Court's requests, and for purposes of appeal." Plaintiffs offer Exhibit B of the Badke declaration in support of this request which contains the court reporter's invoices. There is no supporting documentation asserting that transcripts were requested by the Court or prepared pursuant to stipulation.

3) Defendants object to plaintiffs' request for transcript costs stating "Plaintiffs have not even attempted to show that these transcripts were 'requested by the Court or prepared pursuant to stipulation,' as required by L.R. 54.1(b)(2)." The Clerk agrees.

4) The Clerk finds that plaintiffs fail to meet the requirements of LR 54.1(b)(2).

5) The request for transcript costs in the amount of $8,403.66 is **DENIED.**

**C) Fees for Deposition Costs**

1) LR 54.1(b)(3) provides: "The reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded are taxable only when a substantial portion of the deposition is used in the resolution of a material issue in the case. Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable, regardless of which party took the deposition. Notary fees incurred in connection with taking depositions are taxable."

2) Plaintiffs seek $23,986.47 in deposition costs and offer Exhibit C of the Badke declaration in support.

3) Defendants object to deposition costs stating that "Plaintiffs have made no attempt to support their statement that 'a substantial portion' of any of these depositions were 'used in the resolution of a material issue in the case', as required by L.R. 54.1(b)(3)." Defendants continue in their objection stating "Plaintiffs have not even attempted to show that any of these transcripts were actually used to resolve a material issue..." Defendants also object to deposition costs stating "Plaintiffs seek costs far beyond the 'reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded."

4) In their response to defendants' objections, plaintiffs state that "Substantial portions of the deposition testimony... ...were used in the resolution of material witness in the case..." and provide an outline of deposition testimony used at trial. Upon reviewing this material, the Clerk finds that plaintiffs fail to meet the **substantial portion** requirement of LR 54.1(b)(3).

5) The request for deposition costs in the amount of $23,986.47 is **DENIED.**

**D) Fees for Witnesses**

1) LR 54.1(b)(4) provides, in part, "The rates for witness fees, mileage and subsistence are fixed by 28 U.S.C. § 1821. Such fees are taxable even though the witness does not take the stand, provided the witness attends Court. Witness fees and subsistence are taxable only for the reasonable period during which the witness is within the district." and "No party shall receive witness fees for testifying in its own behalf, but this shall not apply where a party is subpoenaed to attend Court by the opposing party. Witness fees for officers of a corporation are taxable if the officers are not defendants and recovery is not sought against the officers individually."

2) 28 U.S.C. § 1821(a)(1) provides "Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

3) Plaintiffs are seeking $1,507.20 in fees for the following witnesses: Norman Weiner, Clemens Gunter, Patrick Franke, Christopher Biullis, and John Jarosz. Plaintiffs offer Exhibit D in support of the request for witness fees.

4) Defendants object to witness fees in the amount of $1,507.20 stating "Plaintiffs have failed to show that the period during which the listed witness were within the district was 'reasonable' as required by L.R. 54.1(b)(4)."

5) The Clerk finds that plaintiffs' request for witness fees is in compliance with L.R. 54.1(b)(4) and **GRANTS** witness fees in the total amount of $1,507.20.

**E) Exemplification, Printing and Copying Costs**

1) Title 28 U.S.C. § 1920 states in pertinent part, that a judge or clerk of any court of the United States may tax as costs "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

2) LR 54.1(b)(5) states in pertinent part: "The cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable. The cost of one copy of a document is taxable when admitted into evidence. The cost of copies obtained for counsel's own use is not taxable."

3) Plaintiffs are seeking $12,362.82 in "...costs associated with printing and copying in this case, including costs related to exhibits and documents admitted

into evidence...". Plaintiffs offer Exhibit E support of this request for costs. Defendants object stating "The first seven entries on Plaintiffs' table... ...correspond with the general time frame of trial in this matter. However, Plaintiffs' request does not contain any additional detail permitting the Clerk or Glenmark to evaluate whether Plaintiffs' request is limited to what is recoverable under L.R. 54.1(b)(5)..." Defendants also object and state "Plaintiffs have not provide any invoices for printing and copying services, and instead have submitted a 2-page index with non-specific entries for various printing and copying costs (D.I. 158, Exh. E). Without more information, Plaintiffs' requests for costs ... ...must be denied." The Clerk agrees. Plaintiffs have not established that the costs were for: 1) "The cost of copies of an exhibit necessarily attached to a document required to be filed and served; or, 2) "The cost of one copy of a document... ...when admitted into evidence." as outlined in LR 54.1(b)(5). The Clerk is unable to determine if each request is taxable in accordance with the applicable rule, as required by Local Rule 54.1(a)(2).

4) Plaintiffs' request for fees for exemplification, printing and copying, in the amount of $12,362.83 (reduced by plaintiffs to a total of $6,445.94) is **DENIED.**

**F) Translations costs**

1) LR 54.1(b)(5) provides, in part: "The reasonable fee of a translator is taxable if the document translated is taxable."

2) Plaintiffs originally sought $5,850.18 in interpretation costs but withdrew $1,474.10 of said fee and currently seek a total of $4,376.08 in translations costs. Plaintiffs offer Exhibit F in support.

3) Defendants object stating "...Plaintiffs did not show that the underlying documents were taxable, as required by L.R. 54.1(b)(5). The Clerk agrees.

4) Accordingly, plaintiffs' request for translations costs in the amount of $4,376.08 is **DENIED.**

IV.     **CONCLUSION**

The Clerk finds, for all the reasons stated herein, that Plaintiffs' request for costs in the total amount of $45,069.34, is **GRANTED IN PART AND DENIED IN PART.**

The total costs hereby taxed in favor of plaintiffs, Intendis GMBH, Intraserv

GMBH & Co. KG, and Bayer HealthCare Pharmaceuticals, Inc., and against defendants, Glenmark Generics Limited and Glenmark Pharmaceuticals, Inc. USA, together with interest and the applicable post-judgment rate specified in 28 U.S.C. § 1961 (as amended 1982), are as follows:

1. Fees of the Clerk............................................................$ 350.00

2. Fees Pre-Trial, Trial, and Post-Trial Transcripts ............**DENIED**

3. Deposition Costs.............................................................**DENIED**

4. Witnesses Fees................................................................$1,507.20

5. Exemplification, Printing and Copying Costs.................**DENIED**

6. Translation Costs.............................................................**DENIED**


**TOTAL**................................................................................**$1,857.20**


Dated: November 10, 2016

                                              John A. Cerino, Clerk
                                              U.S. District Court for the
                                                  District of Delaware


                                            By   /s/ George Wylesol
                                                  George Wylesol,
                                                  Chief Deputy Clerk


cc:     Honorable Sue L. Robinson
          Rodger Dallery Smith, II, Esq.
          Bradford J. Badke, Esq.
          Jeremy A. Tigan, Esq.
          Sona De, Esq.
          David M. Fry, Esq.
          Huiya Wu, Esq.
          Jeffrey Thomas Castellano, Esq.
          Karen Elizabeth Keller, Esq.
          Linnea P. Cipriano, Esq.
          Wyatt J. Delfino, Esq.;
          John Cerino, Clerk